IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OLIVER CLINTON GRIER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-386-SRF |
| | ) | |
| ANDREW SAUL,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**I.  INTRODUCTION**

Plaintiff Oliver Grier ("Grier") filed this action on March 12, 2018 against the defendant Andrew Saul, the Commissioner of the Social Security Administration (the "Commissioner"). Grier sought judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's January 16, 2018 final decision, denying Grier's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434 and §§ 1381-1383f. On July 3, 2019, this court issued a Memorandum Opinion granting the Commissioner's motion for summary judgment and denying Grier's motion for summary judgment, affirming the Administrative Law Judge's ("ALJ") decision. (D.I. 19; D.I. 20) The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).[2]

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019 to succeed Acting Commissioner Nancy A. Berryhill.  Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. §405(g), Andrew Saul was automatically substituted as the Defendant in this action.

[2] The parties consented to the jurisdiction of a magistrate judge to conduct all proceedings in this matter through final judgment and the case was assigned to the undersigned judicial officer on July 13, 2018. (D.I. 11)

Presently before the court is Grier's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).[3] (D.I. 22) For the reasons set forth below, Grier's motion to alter or amend judgment is DENIED.

## II. BACKGROUND

### a. Procedural History

Grier filed a SSI application on September 27, 2013,[4] claiming a disability onset date of August 27, 2013. (D.I. 9-2 at 21; D.I. 9-6 at 2) His claim was initially denied on January 7, 2014, and denied again after reconsideration on August 14, 2014.[5] (D.I. 9-4 at 2-6, 10-14) Grier then filed a request for a hearing, which occurred on September 12, 2016. (D.I. 9-2 at 37-67) Administrative Law Judge Jack Penca issued an unfavorable decision, finding that Grier was not disabled under the Act on October 11, 2016. (*Id.* at 21-31) The Appeals Council subsequently denied Grier's request for review on January 16, 2018, rendering the ALJ's decision the final decision of the Commissioner. (*Id.* at 2-5)

On March 12, 2018, Grier brought a civil action in this court challenging the ALJ's decision. (D.I. 1) On September 4, 2018, Grier filed a motion for summary judgment, and on November 15, 2018, the Commissioner filed a cross-motion for summary judgment. (D.I. 12; D.I. 16) On July 3, 2019, the court denied Grier's motion for summary judgment and granted the Commissioner's cross-motion for summary judgment in a Memorandum Opinion. (D.I. 19; D.I.

---

[3] The briefing for the pending motion is as follows: plaintiff's opening brief (D.I. 22) and defendant's answering brief (D.I. 23). Pursuant to D. Del. LR 7.1.2(b), plaintiff's reply brief was due on or before August 13, 2019, but no reply brief was filed.
[4] The ALJ noted that Grier filed this application on August 27, 2013, but the application is dated September 27, 2013. (D.I. 9-2 at 21; D.I. 9-6 at 2)
[5] The ALJ stated that Grier's claim was denied upon reconsideration on August 10, 2014, but the record shows that Grier's disability reconsideration notice was dated August 14, 2014. (D.I. 9-2 at 21; D.I. 9-4 at 10-14)

20) The court entered judgment in favor of the Commissioner on July 8, 2019. (D.I. 21) On July 24, 2019, Grier filed the present motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). (D.I. 22)

### III. LEGAL STANDARD

Fed. R. Civ. P. 59(e) is "'a device to relitigate the original issue' decided by the district court, and [it is] used to allege legal error." *U.S. v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (citation omitted). In order to prevail on a Fed. R. Civ. P. 59(e) motion, the moving party must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or, (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not a mechanism to reargue issues that the court has already considered and decided. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). The decision to grant relief under Rule 59(e) lies squarely within the discretion of the district court. *See Flash Seats, LLC v. Paciolan, Inc.*, C.A. No. 07-575-LPS, 2011 WL 4501320, at *2 (D. Del. Sept. 28, 2011) (citing *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999)).

## IV. DISCUSSION

Grier argues that the court erred in concluding that the ALJ acknowledged and discussed plaintiff's functioning within the context of a supportive environment[6] when performing the residual functional capacity ("RFC") analysis.[7] (D.I. 22 at 1-2) Grier asserts that, in its Memorandum Opinion, the court cited to a portion of the ALJ's opinion that discussed step three of the five-step sequential evaluation process for determining whether an individual is disabled. (*Id.* at 2) In doing so, Grier contends, the court analyzed the ALJ's analysis of the severity of his impairments, rather than the ALJ's analysis of his RFC. (*Id.*) Furthermore, Grier argues that the court erred as a matter of law because the ALJ failed to provide any analysis as to Grier's need for a structured living environment pursuant to SSR 96-8p. (*Id.* at 3) Grier asserts that the question that the ALJ failed to analyze was not whether he was completely unable to function without support, but whether he needed any support in order to perform full-time, competitive work. (*Id.* at 4)

The court did not err as a matter of law in concluding that the ALJ had considered Grier's need for a structured living environment when assessing his RFC. In addition to providing the analysis in step three of the five-step sequential evaluation process, the ALJ also noted:

> The record shows the claimant is not as limited as he claims. The claimant testified nothing helps his mental health symptoms, but recent treatment records note medications are very helpful. The claimant also testified he spends the day at home and rarely leaves the house. However, in the record he is described as "very active" and reports he has been swimming and doing yard work. He

---

[6] SSR 96-8p notes that the ALJ's RFC assessment must be based on all relevant evidence in the case record, including a claimant's "need for a structured living environment." SSR 96-8p. Plaintiff refers to his need for a "supportive environment" or "supportive living environment." (D.I. 22 at 1-2, 4)

[7] Dr. Park opined that Grier was unable to function outside of a highly supportive living environment. (D.I. 9-2 at 29) In plaintiff's present motion to alter or amend judgment, plaintiff does not argue that the court erred in finding that substantial evidence supported the ALJ's decision to assign Dr. Park's opinion "no weight." (D.I. 22)

4

eventually admits being able to go to his grandparents' home, 7-11, Shoprite, and the Dollar Store. He also hangs out with his cousin at his house. Further, the record indicates the claimant's symptoms have remained stable when he is compliant with medication and treatment. The only instances of inpatient treatment during the relevant period were secondary to non-compliance with medication. Further, the claimant reported no medication side effects or complications to his treating physicians.

(D.I. 9-2 at 27) (internal citations omitted) The ALJ considered Grier's need for a structured living environment, but he ultimately determined that the evidence in the record did not support the limitations that Grier claimed, noting that Grier was increasingly active and able to function outside of a structured living environment. (*Id.*) Furthermore, in determining Grier's RFC, the ALJ acknowledged that Dr. Lavinia Park ("Dr. Park")[8] indicated a "current history of one or more years' inability to function outside of a highly supportive living arrangement with an indication of continued need for such an arrangement." (*Id.* at 29) (internal citation omitted) However, the ALJ afforded Dr. Park's opinion no weight, because this limitation was not supported by the record. (*Id.*)

Substantial evidence supports the ALJ's RFC determination and his conclusion that Grier does not need a structured living environment. As discussed in the court's July 3, 2019 Memorandum Opinion, Dr. Park's opinion regarding Grier's alleged need for a structured living environment appears inconsistent with the evidence of record. (D.I. 20 at 17, 22) *See Virola v. Berryhill*, C.A. No. 17-776-MPT, 2018 WL 6445539, at *9, *11 (D. Del. Dec. 10, 2018) (concluding the ALJ's rejection of a medical opinion of plaintiff's need for a structure living environment within RFC analysis was proper due to lack of support in the record). For example, Grier's other treatment providers encouraged him to obtain his own housing, and Grier

---

[8] Dr. Park is Grier's psychiatrist, who continues to provide treatment. (D.I. 9-2 at 43-45; D.I. 9-16 at 38-39)

5

increasingly participated in various activities outside of his house. (D.I. 9-15 at 22, 31; D.I. 9-16 at 3; D.I. 9-17 at 11-14; D.I. 9-21 at 5) Based upon the ALJ's weighing of Dr. Park's opinion, Grier's recorded improvements in mental health, and Grier's increasing participation in various activities, the ALJ concluded that Grier did not have a need for a structured living environment. (D.I. 9-2 at 27, 29) *See Walker v. Comm'r of Soc. Sec.*, 2013 WL 3967559, at *11 (W.D. Pa. Aug. 1, 2013) ("while [treating doctor] indicated that [plaintiff] could not function outside a highly supportive living arrangement, [p]laintiff was capable of driving independently to appointments."); *Adorno v. Berryhill*, 2017 WL 6731623, at *2 (E.D. Pa. Dec. 29, 2017) (concluding that plaintiff's activities of daily living were not indicative that she "has the inability to function outside a highly supportive living environment" and that there was "no indication that [she] ha[d] the complete inability to function outside the area of her home."); *see also Capo v. Comm'r of Soc. Sec.*, 2018 WL 5982435, at *4 (W.D. Pa. Nov. 13, 2018) ("[I]t is unclear how the regulations and guidelines in effect at the time of [p]laintiff's hearing support [p]laintiff's contention that his living situation with his mother constituted a supportive living environment as contemplated by social security law."). Therefore, the court did not err as a matter of law with respect to the ALJ's RFC analysis and evaluation of plaintiff's need for a structured living environment.

Grier's arguments do not warrant alteration or amendment of the judgment. Grier has not made a proper showing of legal error. Accordingly, the court will deny Grier's motion to alter or amend the judgment under Rule 59(e).

## V. CONCLUSION

For the foregoing reasons, Grier's motion to alter or amend the judgment is denied (C.A. No. 18-386, D.I. 22). An Order consistent with this Memorandum Opinion shall issue.

Dated: October 31, 2019

Sherry R. Fallon
United States Magistrate Judge